JS - 6

**UNITED STATES DISTRICT COURT**
**CENTRAL DISTRICT OF CALIFORNIA**

**CIVIL MINUTES - GENERAL**

| | | | |
|---|---|---|---|
| Case No. | CV 10-09073 MMM (MANx) | Date | March 21, 2011 |

| | |
|---|---|
| Title | *Madeline Gonzales, et al v. Downey Savings and Loan Association, et al* |

| | |
|---|---|
| Present: The Honorable | MARGARET M. MORROW |

| ANEL HUERTA | N/A |
|---|---|
| Deputy Clerk | Court Reporter |

| Attorneys Present for Plaintiffs: | Attorneys Present for Defendants: |
|---|---|
| None | None |

**Proceedings:**     **Order Dismissing Action for Lack of Prosecution**

On February 7, 2011, a scheduling conference was held in this action. Plaintiffs did not participate in the filing of a joint report pursuant to Rule 26(f). On February 2, 2011, the clerk of the court contacted plaintiffs' counsel by telephone to inquire as to plaintiffs' failure to participate in the filing of the joint report. The clerk left a message at counsel's office, but never received a response. After the February 7, 2011 scheduling conference, at which plaintiffs failed to appear, the court issued an order to show cause why this action should not be dismissed for lack of prosecution. The deadline to respond to the court's order to show cause was February 11, 2011. Plaintiffs did not respond by the deadline. On February 14, 2011, plaintiffs' counsel filed a declaration explaining that he had an urgent matter in state criminal court on the day of this court's scheduling conference and therefore could not attend. He did not explain his clients' failure to participate in the joint 26(f) report. On March 14, 2011, plaintiffs were due to file opposition briefs to two motions to dismiss on calendar for April 4, 2011 at 10:00a.m. To date, plaintiffs have not filed any opposition brief.

**I. DISCUSSION**

Rule 41(b) permits courts to dismiss an action *sua sponte* for failure to comply with a court order. See, e.g., *Link v. Wabash Railroad Co.*, 370 U.S. 626, 629-31 (1962) ("The authority of a court to dismiss sua sponte . . . has generally been considered an 'inherent power,' governed not by rule or statute but by the control necessarily vested in courts to manage their own affairs. . . . It would require a much clearer expression of purpose than Rule 41(b) provides for us to assume that it was intended to abrogate so well-acknowledged a proposition"); *Yourish v. California Amplifier*, 191 F.3d 983, 986 (9th Cir. 1999) (holding that district court did not abuse its discretion in *sua sponte* dismissing a complaint for failure to comply with a court order); *Ferdik v. Bonzelet*, 963 F.2d 1258, 1260 (9th Cir. 1992) (affirming a lower court's dismissal for failure to follow court orders).

In considering whether dismissal is appropriate, the district court must weigh several factors, including: (1) the public's interest in the expeditious resolution of litigation; (2) the court's need to manage its docket; (3) the risk of prejudice to defendants; (4) the public policy favoring disposition of cases on their merits; and (5) the availability of less drastic sanctions.  See *Yourish v. California Amplifier*, 191 F.3d 983, 990 (9th Cir. 1999); *Dahl v. City of Huntington Beach*, 84 F.3d 363, 366 (9th Cir. 1996) (citing *Thompson v. Housing Authority of Los Angeles*, 782 F.2d 829, 931 (9th Cir. 1986) (per curiam), cert. denied, 479 U.S. 829 (1986)); *Ferdik v. Bonzelet*, 963 F.2d 1258, 1260-61 (9th Cir. 1992), cert. denied, 506 U.S. 915 (1992).  The Ninth Circuit has stated that it "'may affirm a dismissal where at least four factors support dismissal, . . . or where at least three factors 'strongly' support dismissal,'" *Yourish*, 191 F.3d at 990 (quoting *Hernandez v. City of El Monte*, 138 F.3d 393, 399 (9th Cir. 1998)), and that "'[a]lthough it is preferred, it is not required that the district court make explicit findings in order to show that it has considered these factors[,]'" *Yourish*, 191 F.3d at 990 (quoting *Ferdik*, 963 F.2d at 1261).

The first *Pagtalunan* factor – the public's interest in expeditious resolution of litigation – "always favors dismissal." *Pagtalunan*, 291 F.3d at 642 (citation omitted).  As to the second factor, "[t]he trial judge is in the best position to determine whether the delay in a particular case interferes with docket management and the public interest." *Pagtalunan*, 291 F.3d at 642.  Plaintiffs' inattention to this action, and their nonresponsive behavior indicates that they do not intend to prosecute this action and that its continued presence on the court's docket will waste valuable resources.  Thus, the second *Pagtalunan* factor also weighs in favor of dismissal of this action.

The third *Pagtalunan* factor considers whether "plaintiff's actions [have] impaired defendant's ability to proceed to trial or threatened to interfere with the rightful decision of the case." *Id.*  While plaintiffs provided some excuse for failing to attend the scheduling conference, they did not explain their failure to participate in the 26(f) report and they have now again failed to comply with the Local Rules by failing to filing an opposition to the pending motions to dismiss.[1]  These actions are sufficient to establish prejudice to the defendants.  See, e.g., *Foster v. Jacquez*, No. CV 09-01406

---

[1] The court further notes that Local Rule 7-12 provides that "[t]he failure to file any required paper, or the failure to file it within the deadline, may be deemed consent to the granting or denial of the motion." CA CD L.R. 7-12.  As noted, plaintiffs failed to oppose defendants' motions to dismiss by the deadline set forth in the Local Rules.  Under Rule 7-12, therefore, the court could grant defendants' motions to dismiss on this basis alone.  See *Cortez v. Hubbard*, No. CV 07-4556-GHK (MAN), 2008 WL 2156733, *1 (C.D. Cal. May 18, 2008) ("Petitioner has not filed an [o]pposition to the [m]otion and has not requested any further extension of time to do so.  Pursuant to Local Rule 7-12, his failure to do so could be deemed to be consent to a grant of the [m]otion"); *Mack-University LLC v. Halstead*, No. SA CV 07-393 DOC (ANx), 2007 WL 4458823, *4 n. 4 (C.D. Cal. Sept. 25, 2007) (holding, where a party "failed to oppose or in any way respond" to a motion, that "[p]ursuant to local Rule 7-12, the [c]ourt could grant Plaintiffs' [m]otion on this ground alone"); *Ferrin v. Bias*, No. ED CV 02-535 RT (SGLx), 2003 WL 25588274, *1 n. 1 (C.D. Cal. Jan. 2, 2003) ("Under Local Rule 7-12, failure to file an opposition may be deemed consent to the granting of the motion").  Therefore, the consequences of the court's dismissal under Rule 41(b) for failure to prosecute would be the same as if the court had granted defendants' motions pursuant to Local Rule 7-12.

JFW, 2009 WL 1559586, *3 (C.D. Cal. May 28, 2009) ("Where a party offers a poor excuse for failing to comply with a court's order, the prejudice to the opposing party is sufficient to favor dismissal," citing *Yourish*); *Grubb*, 2009 WL 1357411 at *2 ("In the absence of a showing to the contrary, prejudice to defendants or respondents is presumed from unreasonable delay," citing *In re Eisen*, 31 F.3d 1447, 1452-53 (9th Cir. 1994), in turn citing *Anderson v. Air West, Inc.*, 542 F.2d 522, 524 (9th Cir. 1976)). As noted, plaintiffs have provided no reason or explanation for their failure to participate in the 26(f) report or to oppose these motions to dismiss. As a result, their inaction is impeding prompt resolution of this matter and this factor, too, weighs in favor of dismissal.

The fourth *Pagtalunan* factor, which examines the availability of less drastic alternatives also weighs in favor of dismissing this action. "There are of course a wide variety of other sanctions short of dismissal that are available. The district judge, however, need not exhaust them all before finally dismissing a case. The exercise of his discretion to dismiss requires only that possible and meaningful alternatives be reasonably explored, bearing in mind the drastic foreclosure of rights that dismissal effects." *Von Poppenheim v. Portland Boxing and Wrestling Comm'n*, 442 F.2d 1047, 1053-54 (9th Cir. 1971), cert. denied, 404 U.S. 1039 (1972). In this case, the court has already contacted plaintiffs' counsel by telephone to remind him about the 26(f) report. Plaintiffs' counsel did not respond to the message and despite the fact that the message was left five days prior to the scheduling conference, plaintiffs did not file a report and did not appear at the scheduling conference. After the scheduling conference, plaintiffs failed to respond to the court's order to show cause by the deadline set in that order. And now, again, plaintiffs have failed to meet the deadline to oppose the motions to dismiss set by the local rules. This pattern of dilatory and unreasonable conduct demonstrates that no action short of dismissal is available here.

Finally, the fifth *Pagtalunan* factor weighs against dismissal, since "public policy strongly favors disposition of actions on the merits." *Id*. In spite of fact that the fifth factor weighs against dismissal, the court concludes that, on balance, the *Pagtalunan* factors favor involuntary dismissal without prejudice in this case.

## II. CONCLUSION

For the reasons stated, plaintiffs' action is dismissed without prejudice pursuant to Rule 41(b) for failure to comply with court orders.